**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Matthew J. McLaughlin<br>& Michele S. McLaughlin,<br><br>    Debtors | Chapter 7<br>Case No. 20-10077 |
| Nathaniel R. Hull, Solely as Trustee<br>for the Chapter 7 Estate of Matthew<br>J. McLaughlin and Michele S. McLaughlin,<br><br>    Plaintiff<br> v.<br><br>Kurt E. Dupuis,<br><br>    Defendant | Adv. Proc. No. 20-1012 |

### ORDER POSTPONING DISPOSITION OF MOTION TO DISMISS COUNTERCLAIM AND GRANTING MOTION TO EXTEND TIME

  The Plaintiff has filed a Motion to Dismiss Defendant's Counterclaim [Dkt. No. 18] (the "Motion to Dismiss").  After considering the Defendant's Objection to the Motion to Dismiss [Dkt. No. 21] and the parties' arguments at a hearing on September 3, 2020, the Court took the Motion to Dismiss under advisement.  Since then, the parties have requested a third extension of the deadline for submission of their proposed joint pretrial order, asserting that "resources will be conserved by not negotiating a proposed joint pretrial order until the Court has decided the motion to dismiss."  *See* [Dkt. No. 27].

  Conservation of resources is a laudable goal in a chapter 7 case, and in civil litigation generally.  The goal of conserving resources is often well-served when litigation is paused while

a motion to dismiss is pending.  In this particular proceeding, however, efficiencies will not be gained by that type of de facto suspension.

The Defendant has denied the allegation that he and his sister, Michele S. McLaughlin, are co-owners and tenants in common of the real estate located at 3062 Bradley Road, Chalfont, Pennsylvania (the "Property").  *See* [Answer at Dkt. No. 13, ¶¶ 16 & 22].  He has also alleged that his interest in the Property is in the nature of a life estate, and that the bankruptcy estate's interest in the Property is contingent upon that life estate.  [Counterclaim at Dkt. No. 13, ¶¶ 12 & 14.]  In light of these allegations, it will be necessary for the parties to engage in discovery with respect to the nature of the Defendant's interest in the Property.  Because the nature of the Defendant's interest in the Property is central to both the Complaint and the Counterclaim, an immediate resolution of the Motion to Dismiss is unlikely to simplify the issues for determination or yield any efficiencies.  A decision on the Motion to Dismiss at this juncture will not meaningfully reduce the scope of discovery or minimize the prospects of protracted litigation between these parties.

Further, although the Motion to Dismiss raises several questions, it is silent on other matters that may be determinative.  For example, neither party has raised the possibility that the Defendant's alleged life estate in the Property merged into the Defendant's allegedly greater interest in the Property as a tenant in common.  *Cf.* Jordan v. McClure, 1878 WL 13218, at *5 (Pa. Nov. 17, 1877) (suggesting that when an interest in fee is vested in the holder of a life estate, the two estates merge, "the lesser into the greater estate"); *see also* 1 Tiffany Real Prop. § 70 (3d ed.) ("At common law, whenever a greater estate and a less coincide and meet in one and the same person, without any intermediate estate, the less is immediately annihilated, or, . . . merged, that is, sunk or drowned in the greater.") (quotation marks omitted).  In addition, disposition of

the Motion to Dismiss may not materially advance the termination of the litigation. Even if the Court were to conclude that the Defendant had stated a plausible claim to a life estate, the Plaintiff might then seek to sell the Property free and clear of the life estate under 11 U.S.C. § 363(f). *See* In re Rose, 113 B.R. 534, 538 (Bankr. W.D. Mo. 1990). On balance, these various considerations lead the Court to conclude that it is appropriate to defer disposition of the Motion to Dismiss until trial. *See* Fed. R. Civ. P. 12(i); *see also* Fed. R. Bankr. P. 1001 (charging the Court with administering the Bankruptcy Rules "to secure the just, speedy, and inexpensive determination of every case and proceeding").

The parties' request to extend the deadline for submission of their proposed joint pretrial order is GRANTED on the following terms. The deadline for submission of the proposed joint pretrial order is extended to October 1, 2020. The telephonic pretrial conference currently scheduled for 2:00 p.m. on September 24, 2020 is hereby rescheduled for 2:00 p.m. on October 8, 2020.

Date: September 18, 2020

Michael A. Fagone
United States Bankruptcy Judge
District of Maine